UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID ABIODUN K.G.B. ONAFEKO, )
)
    Plaintiff, )
)
    v. ) Civil Action No. 1-18-CV-00716-UNA
)
GOVT. OF THE UNITED KINGDOM )
OF GREAT BRITAIN AND NORTHERN )
IRELAND, *et al.* )
)
    Defendants. )
)

## MEMORANDUM OPINION

This matter is before the Court on Plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant Plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of a case when jurisdiction is found wanting).

Plaintiff declares that he is citizen of the "United Kingdom and Northern Ireland, but a resident in the United States." Plaintiff has filed suit against the Government of the United Kingdom and Northern Ireland, as well as other governmental bodies located in the United Kingdom. Plaintiff makes a wide-ranging assortment of allegations against these Defendants, including, but not limited to: property theft, insurance fraud, defamation, slander, negligence, breach of contract, conspiracy, etc.

In a suit involving a foreign state, a plaintiff must satisfy subject matter jurisdiction under the FSIA [Foreign Sovereign Immunities Act] before the court can reach claims under the [ATCA]." *Soudavar v. Islamic Republic of Iran*, 67 Fed. App'x 618, 619-20 (D.C. Cir. 2003)

(per curiam). The FSIA is the "sole basis for obtaining jurisdiction over a foreign state in our courts." *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 434 (1989). "The FSIA provides generally that a foreign state is immune from the jurisdiction of the United States courts unless one of the exceptions listed in 28 U.S.C. § 1605(a) applies," *Roeder v. Islamic Republic of Iran*, 646 F.3d 56, 58 (D.C. Cir. 2011) (citation and internal quotation marks omitted), or an existing international agreement provides otherwise, *Peterson v. Royal Kingdom of Saudi Arabia*, 416 F.3d 83, 86 (D.C. Cir. 2005). *See* 28 U.S.C. § 1604 (conferring foreign state immunity "[s]ubject to existing international agreements to which the United States is a party at the time of enactment of this Act"). "Claims against foreign sovereigns that do not fall within the ambit of an FSIA exception are barred." *Simon v. Republic of Hungary*, 812 F. 3d 127, 141 (D.C. Cir. 2016) (citation and internal quotation marks omitted). And waivers of sovereign immunity must be clear and unequivocal. *See United States v. Nordic Village, Inc.*, 503 U.S. 30, 34 (1992).

The complaint is difficult to follow and is insufficient under the pleading requirements of Rule 8(a) and Rule 10 of the Federal Rules of Civil Procedure. The wide-ranging and largely compound allegations comprising the prolix complaint simply fail to provide adequate notice of a claim. Most importantly, the complaint simply fails to satisfy jurisdiction under the FSIA. As a result, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

DATE: 4/24/18

United States District Judge